Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E
Charleston, WV 25305



9171 9237 9000 1000 0331 57



**Natalie E. Tennant**
Secretary of State
Telephone: 304-558-6000
Toll Free: 866-SOS-VOTE
www.wvsos.com



Idearc Media Corp.
Attn: Legal Dept.
2200 W Airfield Dr
PO Box 619810
DFW Airport TX  75261-9810

                                        2/2/2009
Civil Action:                           09-C-165

I am enclosing:

| | | |
|---|---|---|
| ____ summons | ____ affidavit | _1_ summons and complaint |
| ____ notice | ____ answer | ____ summons returned from post office |
| ____ order | ____ cross-claim | ____ summons and amended complaint |
| ____ petition | ____ counterclaim | ____ 3rd party summons and complaint |
| ____ motion | ____ request | ____ no return from post office |
| ____ suggestions | ____ certified return receipt | ____ notice of mechanic's lien |
| _1_ interrogatories | _1_ request for production | ____ suggestee execution |
| ____ original | _1_ request for admissions | ____ Other |
| ____ subpeona duces tecum | | |

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact.  According to law, I have accepted service of process in the name and on behalf of your corporation.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on behalf as your attorney-in-fact.   Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper.  Please do not call the Secretary of State's office.*

Sincerely,

*Natalie E. Tennant*

Natalie E. Tennant
Secretary of State

EXHIBIT 2

# SUMMONS

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

RICHARD NEELY,
MICHAEL O. CALLAGHAN and
NEELY & CALLAGHAN, a West
   Virginia Partnership

Plaintiffs,

v.

Civil Action No. 09-C-165

Judge Walker

IDEARC MEDIA CORP., a
   Delaware Corporation,

**Jury Trial Demanded**

Defendant.

TO THE ABOVE-NAMED DEFENDANT:

Legal Department
2200 W. Airfield Drive
P. O. Box 619810
DFW Airport, Texas 75261-9810

SERVED BY: Secretary of State

IN THE NAME OF THE STATE OF WEST VIRGINIA, YOU ARE HEREBY SUMMONED AND REQUIRED TO SERVE UPON, MICHAEL CALLAGHAN, NEELY & CALLAGHAN, 159 SUMMERS ST., CHARLESTON, WV 25301 an ANSWER, including any related counterclaim you may have, to the Complaint filed against you in the above-styled civil action, a true copy which is herewith delivered to you. You are required to serve your answer **within 30 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint and you will be thereafter barred for asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated this the 2 day of Feb, 2009.

_Cathy S. Watson_
CLERK OF COURT
_JBradsh_

## CIVIL ACTION COVER SHEET

TO THE CLERK OF THE KANAWHA
COUNTY CIRCUIT COURT:

RICHARD NEELY,
MICHAEL O. CALLAGHAN and
NEELY & CALLAGHAN, a West
  Virginia Partnership

      Plaintiffs

v.

IDEARC MEDIA CORP., a
  Delaware Corporation

      and

ALLIED INTERSTATE, INC.
  a Minnesota Corporation

      Defendants

Civil Action No. 09-C-165

Judge Walker

Jury Trial Demanded

**Counsel for the Plaintiffs, Richard Neely, Michael O. Callaghan and the law firm of Neely & Callaghan**

Richard Neely, W.Va. Bar #2709
Michael O. Callaghan, W. Va. Bar # 5509
Neely & Callaghan
159 Summers St.
Charleston, WV
(304)343-6500
(304) 343-6528 FAX

Type of case:    Statutory Cause of Action for RICO violation under
                      18 U.S.C. 1961 *et seq.*: Concurrent State Court Jurisdiction

Jury Demand:  Yes

Case will be ready for trial:    15 October 2009

Page 1 of 2

No special accommodations are needed.

This case is associated with Civil Action No. 80-C-1120, Circuit Court of Kanawha County, West Virginia assigned to Judge Stuckey and dismissed in December.

*[signature]*
Richard Neely, WV#2709
Neely & Callaghan
159 Summers St.
Charleston, WV 25301
(304) 343-6500
(304) 343-6528 FAX

Dated this the 2nd day of February, 2009.

In the Circuit Court of Kanawha County, West Virginia

RICHARD NEELY,
MICHAEL O. CALLAGHAN and
NEELY & CALLAGHAN, a West
  Virginia Partnership

      Plaintiffs

v.

IDEARC MEDIA CORP., a
  Delaware Corporation

and

ALLIED INTERSTATE, INC.
  a Minnesota Corporation

      Defendants

Civil Action No. _____

Judge _____

Jury Trial Demanded

## COMPLAINT

Now into Court through undersigned counsel come Richard Neely, Esq., Michael O. Callaghan, Esq. and the law partnership of Neely & Callaghan and bring this civil action for violation of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. 1961 *et seq.* and for cause of action show:

1.    Richard Neely is a resident of the State of West Virginia whose home address is 810 Middle Road, Charleston, WV 25314; Michael O. Callaghan is a resident of the State of West Virginia whose home address is 17 Lindy Road, Charleston, WV 25314;

    Neely & Callaghan is a West Virginia law firm partnership whose permanent address is 159 Summers Street, Charleston, WV 25301.

2. Idearc Media Corp. is a Delaware corporation with its principal place of business is in the State of Texas and Defendant Idearc is licensed to do business in West Virginia. Idearc's agent for service of process, according to papers on file with the Secretary of State of the State of West Virginia is: ATTN: Legal Department, 2200 W. Airfield Drive, P.O. Box 619810, DFW Airport, Texas 75261-9810.

3. Allied Interstate, Inc. is a Minnesota Corporation whose principal place of business is in the State of New York at 335 Madison Avenue 27th Floor, New York City, NY 10017 and whose agent for service of process in the State of West Virginia is Vincent Long, 100 Park Avenue, 9th Floor, New York City, NY 10017.

4. Defendant Idearc is a national company that publishes the *Verizon Yellow Pages,* a telephone directory that contains both residential and commercial telephone numbers plus classified advertisements.

5. Defendant Allied is a national company that collects supposed "debts" for Defendant Idearc.

6. Plaintiff Neely & Callaghan is a litigation law firm concentrating on civil and criminal litigation in Charleston, West Virginia.

7. In the April, 2008 edition of the *Verizon Yellow Pages* Defendant Idearc completely garbled Plaintiff Neely & Callaghan's advertisement such that anyone consulting the

*Verizon Yellow Pages* would have been confused and/or misled as to what both the name of the firm and the nature of its practice were.

8. Plaintiffs were willing to walk away from this breach of contract because Idearc's offices are in the same building as Plaintiffs' and Plaintiffs had good relations with Idearc's personnel.

9. Idearc, however, insisted that Plaintiffs pay one-half of the price of the advertisement that was not only worthless, but was also libelous and defamatory of Plaintiff's practice.

10. In furtherance of Idearc's efforts to collect a debt that was non-existent because with regard to the Idearc advertisement contract between Plaintiffs and Idearc there had been "a complete failure of consideration" as that term is used in American contract law, Idearc enlisted the services of Defendant Allied, which threatened Plaintiffs with typical collection agency activity, which would include by way of example, filing a bad credit report with the three national credit reporting agency.

11. Plaintiffs sued Idearc for defamation and breach of contract in the Circuit Court of Kanawha County, Civil Action 08-C-1120, and that case was <u>settled</u> for a substantial but confidential sum of $_____ and a release given. Thus, all actions up to and including the date of settlement are <u>not</u> part of this law suit <u>except</u> to the extent that they indicate system, motive and intent to profit from a "scheme or artifice" to defraud.

12. In January, 2008 Plaintiffs sought to purchase an advertisement in the 2009 *Verizon Yellow Pages*, as was Neely & Callaghan's and its predecessor, Neely & Hunter's regular course of conduct for approximately fourteen years.

13. On or about 9 January 2009 Plaintiffs' office manager, Ms. Rebecca Drumheler, was informed by personnel at Idearc that "upon advice of counsel" Idearc would no longer do business with Neely & Callaghan.

### The Scheme or Artifice to Defraud

14. Discovery in Civil Action 08-C--1120 revealed that Idearc has a document that it calls a "matrix" that is used by its agents to determine how much of a credit a customer is to receive when a mistake has been made in an advertisement contracted for with Idearc.

15. Review of this "matrix" reveals that Idearc regularly, and with actual knowledge and malice aforethought, demands payment from wronged customers even when there has been "a complete failure of consideration" on the part of Idearc.

16. The majority of persons who advertise in the *Verizon Yellow Pages* are small business persons such as general practice law firms, physicians, plumbers, electricians, contractors, etc. for whom legal fees are "unbudgeted" expenses and who are generally unfamiliar with the contract law.

17. In furtherance of its scheme to exact money to which it is not entitled from wronged customers, Defendant Idearc enlists the aid of Defendant Allied, which as a national

collection agency is highly familiar with the techniques for forcing payment from innocent persons <u>without</u> recourse to a court where Idearc's "complete failure of consideration" would immediately become apparent.

18. Upon information and belief, and subject to confirmation during discovery, the most successful technique in dealing with a small business person is to threaten to place a bad debt notice with the three national credit reporting agencies, to-wit, Experian, TransAmerica and Equifax.

19. Upon information and belief, and subject to confirmation during discovery, Defendant Allied, because of its correspondence with persons whom Idearc is pursuing for invalid claims, actually <u>knows</u> that in the great majority of <u>contested</u> collection matters, the customer who is being hounded by Idearc and Allied does not actually owe the money.

## The RICO Predicate Acts

20. Defendant Idearc, Inc. is an "enterprise" as that term is defined in 18 U.S.C. § 1961, engaged in interstate commerce and carrying on activities that affect interstate commerce, to-wit, the publication of telephone directories that are designed to be used as reference to West Virginia businesses throughout the United States.

21. Defendant Allied Interstate, Inc. is an "enterprise" as that term is defined in 18 U.S.C. § 1961, engaged in interstate commerce and carrying on activities that affect interstate commerce, to-wit, the collection of debts on behalf of clients across the United States,

particularly on behalf of Defendant Idearc in the State of West Virginia and elsewhere.

22. Defendants, for the purpose of executing the scheme or artifice to defraud the Plaintiffs of their contract rights and to exact money from the Plaintiffs to which they were not entitled, used the mails of the United States and/or interstate wire communications for the purposes of effectuating the scheme to extort money from the Plaintiffs through the threat of extra-legal actions in violation of 18 U.S.C. §§ 1341, 1343 and 1346. Such use of the mails and/or interstate wire communications for the purposes of effectuating the scheme to extort and/ or defraud included, without limitation, the following:

(A) The mailing of a letter from Defendant Allied to Plaintiffs indicating that Idearc's claim had been referred to Allied for collection.

(B) The use of the telephone wire by Idearc's employees to inform Plaintiffs' office manager that "upon advice of counsel" Idearc would no longer do business with Plaintiffs.

(C) Upon information and belief, communications between the Office of the General Counsel of Idearc in the State of Texas and local employees of Idearc that retaliatory action should be taken against Neely & Callaghan in furtherance of Idearc's artifice or scheme to make an example of Neely & Callaghan so as to further Idearc's and Allied's ability to exact or extort money

from customers who do not, in fact, owe such money.

23. Defendants, for the purposes of executing the scheme to defraud Plaintiffs <u>and others</u> of their property, transmitted and caused to be transmitted communications by means of a wire and the mails between themselves in interstate commerce. Such interstate communications by wire included, without limitation, telephone calls between the two named Defendants and telephone calls among employees of the two Defendants..

24. The Defendants have invested in, maintained an interest in, and participated in the affairs of an enterprise through a pattern of racketeering activity. The defendants have conspired with one another and among officers and their respective enterprises to enrich themselves at the expense of the Plaintiffs and other similarly situated customers in West Virginia and throughout the United States.

### The "Scheme or Artifice to Defraud"

25. Defendant Idearc is a large corporation with offices throughout the United States. It is well represented by corporate counsel and local counsel in all the locales in which it does business.

26. Idearc's customers are largely small business persons who cannot afford legal fees.

27. Idearc has enormous bargaining power in that: (1) it has trained lawyers who can usually overwhelm any ordinary customer; (2) it has a quasi-monopoly position in the directory publishing business in that the majority of telephone users use the *Verizon Yellow Pages* in preference to competing publications; and (3) it conspires with

      Defendant Allied to apply extra-legal pressure on customers through the threat of filing a false bad credit report and ruining the credit rating of a small business and thereby foreclosing that business's ability to borrow and stay in business.

28. Upon information and belief Idearc is seldom sued and regularly forces customers to pay charges that they do not owe by the threat of extra-legal force.

29. The scheme or artifice to defraud as described in paragraphs 25 through 29 is willful and deliberate as is evidenced by the "matrix" produced by Defendant Idearc's corporate headquarters and provided to all persons charged with settling claims on behalf of Idearc.

### Injury to Plaintiffs

30. Plaintiffs would not allow Idearc to get away with attempting to extort them. Therefore they sued Idearc (Civil Action 08-C-1120, Circuit Court of Kanawha County, WV) and Idearc settled for a substantial but confidential amount of money.

31. After the settlement, and in furtherance of a resumption of normal business relations similar to Defendant Idearc's and Plaintiffs' relationship from 1995 to 2008, Plaintiffs sought to place its regular advertisement with Idearc.

32. On or about 9 January 2009 Idearc informed Plaintiffs that Idearc would not accept Plaintiffs' advertisement.

33. There is no reason for Idearc to refuse Plaintiffs' tendered advertisement for the 2009 *Verizon Yellow Pages* other than to make an example of Plaintiffs in an effort to deter

other small business persons from challenging Idearc's scheme or artifice to defraud and to require Idearc to be accountable for its negligent acts.

34. By virtue of both Defendants' scheme or artifice to defraud, Plaintiffs have been injured by such amount as the jury shall conclude they have lost as a result of not having a proper advertisement in the *Verizon Yellow Pages*.

## Conspiracy to Violate 18 U.S.C. §891 *et seq.*

35. Both Defendants regularly, and throughout the United States including places as distant from the State of West Virginia as the greater Philadelphia metropolitan area, exact money from small business owners that is not legally owed through the knowing, willful and intentional employment of illegal means in violation of 18 U.S.C. §891 *et seq.*.

36. The method for exaction of a supposed debt through illegal means involves the following patter:

    a. Defendant Idearc enters into a legitimate advertising contract with a customer.

    b. Defendant Idearc negligently fails to fulfill its side of the advertising contract under such circumstances that any court would rule that there had been "a complete failure of consideration" as that term is generally used in the American law of contracts and in the *Restatement* rules.

    c. Notwithstanding Idearc's default, Idearc demands full or partial

        payment notwithstanding that Idearc is not legally entitled to such payment <u>upon</u> <u>threat</u> to turn the matter over to Defendant Allied for collection, which inevitably results in a bad credit report to the national credit agencies, and also upon <u>threat</u> to refuse to accept <u>further</u> advertising business from the offending customer.

    d.    At the time Idearc's threats are made, both Idearc and Allied know that there is no legally enforceable debt between Idearc and the customer because of the "complete failure of consideration" on Idearc's part.

37.    Defendant Idearc, upon information and belief, deliberately constructs its form contracts in such a way as to make it appear difficult or impossible for a customer to resort to Court for a determination of the legitimacy of a debt, which paves the way to the use of extra-legal threats as an effective collection technique.

38.    The pattern and practice of both Defendants constitute a violation of 18 U.S.C. §891 *et seq.* in that Defendants' conduct constitutes a pattern and practice of attempting to collect unenforceable debts (18 U.S.C. §892(b)(1)) through the use of "other criminal means to cause harm to the person, reputation, or property of any person."(18 U.S.C. §891.)

39.    With regard to Plaintiffs, the Defendant Idearc's refusal to do business with Plaintiffs after they successfully sued Defendant Idearc is part and parcel of a larger scheme or artifice to defraud or scheme to use extra-legal threats that will "cause harm to the

person, reputation or property" such that Plaintiffs have been and will be injured in their trade or business for lack of adequate telephone book advertising.

40. Specifically, Plaintiffs have been injured by Defendant Idearc in furtherance of its conspiracy with Defendant Allied through both Defendants' broader scheme to discourage any resistance to Defendants' regular practice of collecting supposed debts to which Idearc is not entitled.

41. Although Defendant Idearc's actions against Plaintiffs were <u>not</u> made to collect a supposed actual debt because Plaintiffs were exonerated of that debt in the prior settlement, Idearc's refusal to do business with Plaintiffs is in furtherance of Idearc's scheme to use extra-legal collection methods to collect from <u>other</u> customers, so Idearc's refusal to do business with Plaintiffs is akin to the decimation of French army battalions for cowardice in World War I, *"pour encourager les autres,"* and is in furtherance of <u>both</u> Defendants' conspiracy to accomplish illegal acts.

## RESERVATION OF RIGHTS

42. Upon information and belief and subject to confirmation during discovery, Defendant's regular course of conduct is to extort money from wronged customers after Defendant has breached its contract by threatening to refuse to publish further advertisements in its quasi-monopoly telephone directories if wronged customers fail to pay charges for contracts that were nonetheless breached and under circumstances when <u>Defendant Idearc</u> would actually be indebted to the customer for damages is

the customer had sufficient resources to file suit.

43. Upon information and belief and subject to confirmation during discovery, Defendant has acted in this individual case in a manner similar to the manner in which Defendant has acted with regard to thousands of other telephone directory customers both inside and outside West Virginia over a period exceeding ten years. Plaintiffs reserve the right to amend this Complaint to assert a class action on behalf of either a West Virginia State class or national class, depending upon the results of discovery, and to seek other and further relief, including equitable relief in the form of an order for restitution for all sums improperly billed, either under threat of destroying the customer's credit or otherwise, for advertisements conveying incorrect, defamatory, or insufficient information including, by way of example and not by way of limitation, incorrect telephone numbers, incorrect business names, incorrect street addresses, and incorrect descriptions of the business, and Plaintiff further reserves the right to dismiss this suit <u>without prejudice</u> and to refile in United States District Court seeking a State or national class under the Class Action Fairness Act of 2006, 28 U.S.C. § 1453 (2005) and to have such filing relate back to the date of the filing of this complaint for statute of limitations purposes.

### Jury Trial Demand

Plaintiffs demand a trial by jury of all issues triable as of right before a jury.

### Prayer

WHEREFORE, Plaintiffs pray that they receive actual damages in such amount as shall be demonstrated to the jury that they have lost a result of Idearc's refusal to accept their advertisement for the 2009 edition of the *Verizon Yellow Pages*, and that the court award a further sum pursuant to 18 U.S.C. 1964(c) to provide the Plaintiffs treble damages; that the Court award all attorney fees, suit expenses and the costs of this proceeding; and, that the Court award such other and further relief as justice and the nature of the cause may require.

                                                            Respectfully submitted,

                                                            Richard Neely  
                                                            Michael O. Callaghan  
                                                            Neely & Callaghan  
                                                                *pro se* and by counsel

*[Signature: Richard Neely]*

Richard Neely W. Va. Bar #2709  
Michael O. Callaghan W. Va. Bar #5509  
**NEELY & CALLAGHAN**  
159 Summers Street  
Charleston, WV 25301-2134  
Phone: (304) 343-6500  
Fax:   (304) 343-6528